No. 12390

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

BURLINGTON NORTHERN, INC., a corporation,
successor in interest to Great Northern
Railway Company, a corporation,

Plaintiff and Appellant,

-vs-

RICHLAND COUNTY, et al.,

Defendants and Respondents.

---

Appeal from:   District Court of the Seventh Judicial District,
Honorable L. C. Gulbrandson, Judge presiding.

Counsel of Record:

For Appellant:

Gough, Booth, Shanahan and Johnson, Helena, Montana.
Ward Shanahan argued, Helena, Montana.

For Respondents:

Edward J. Bell, Helena, Montana
Donald A. Garrity argued, Helena, Montana.
V. C. Koch, County Attorney, Sidney, Montana.

---

Submitted:   April 24, 1973

Decided:   JUL 13 1973

Filed:   JUL 13 1973

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Plaintiff here is Burlington Northern Inc., whose predecessor filed three separate actions in 1969, 1970 and 1971, against defendants Richland County, its officers, and the State Board of Equalization. By agreement of the parties, these actions were consolidated because all concern the same basic facts. The actions involve the payment of taxes under protest in the sum of $336.06 for 1969; $650.72 for 1970; and $645.38 for 1971.

The consolidated cases were submitted to the district court of the seventh judicial district, Richland County, on the answers to plaintiff's requests for admissions and on an agreed statement of facts. The parties presented briefs and proposed findings of fact and conclusions of law in May 1972. In August 1972, the district court adopted the agreed statement of facts as the court's findings of fact and concluded defendants were entitled to judgment. After the court granted plaintiff's motion for a stay of execution, plaintiff appealed.

The pertinent facts, based on the agreed statement of facts, are:

1. The Sidney-Richland Airport is a joint city-county airport established pursuant to the authority granted by section 1-821, R.C.M. 1947. The board of county commissioners of Richland County and the city council of Sidney passed resolutions which created and provided financial support for the airport.

2. In October 1967, the Sidney-Richland Airport Commission borrowed $100,000 from the Montana Aeronautics Commission. The airport commission passed a resolution approving the loan. The board of county commissioners also passed a resolution approving the loan and obligating the county to repay the Montana Aeronautics Commission $10,000 as its proportionate share of the loan.

3. In April 1969, the Sidney-Richland Airport Commission borrowed an additional $100,000 from the Aeronautics Commission.

Again, the airport commission approved the loan by resolution. The board of county commissioners passed a similar resolution and further obligated Richland County to repay the Montana Aeronautics Commission $10,000 as its proportionate share of the loan.

Here, we note the loan approving resolutions seemingly limit Richland County's obligation to repay the Montana Aeronautics Commission to only $10,000. However, in actual fact, the total loan amounts were $200,000 with interest at the rate of 3.5 percent per annum on the unpaid balance. Plaintiff has calculated the interest to be $19,250 for each loan over the repayment period. The total amount due then is $238,500. Simple calculation quickly indicates that the amount due each year on each loan over the ten year repayment period exceeds $10,000. Further, the loan approving resolution commits the county to repay this amount, as will be discussed later in this Opinion.

4. Neither the original loan nor any of the annual county levies imposed for the Sidney-Richland Airport were ever submitted to or approved by the voters of Richland County.

5. For the years 1969, 1970, and 1971, Richland County has levied not in excess of 1 1/2 mills for the airport fund. The majority of the funds acquired from the levy has been used to repay the loans from the Montana Aeronautics Commission.

The parties stipulated that the issue raised by the pleadings and attendant documents was: Does the use of the proceeds of the airport fund levy to repay the loans to the Montana Aeronautics Commission constitute a violation of Article XIII, Sec. 5, of the Montana Constitution?

Article XIII, Sec. 5, Montana Constitution, provides in pertinent part:

> "No county shall incur any indebtedness or liability
> for any single purpose to an amount exceeding ten
> thousand dollars ($10,000) without the approval of
> a majority of the electors thereof, voting at an
> election to be provided by law."

- 3 -

Plaintiff alleges the loan received by the Sidney-Richland Airport Commission and approved by the county was in violation of the above cited constitutional provision. The county argues that, by the language of the approving resolution, the county indebtedness or liability is limited to $10,000 and it is therefore not in violation of the constitutional provision. We must agree with plaintiff. The approving resolutions of the county are but a carefully constructed subterfuge to circumvent the constitutional debt limitation. We do understand that the $10,000 limitation established by Montana's 1889 Constitution may be outdated in terms of modern spending power, but this cannot serve as an excuse to ignore the plain language of the Constitution.

The Sidney-Richland Airport Commission was created by Richland County in cooperation with the city of Sidney, under authority granted by the legislature in sections 1-801 through 1-828, R.C.M. 1947, commonly known as the "Municipal Airports Act". Section 1-803 provides that the county and city acting jointly may create a board with the power to improve, equip, maintain and operate an airport. Section 1-821(d) lists the limitations on the exercise of power by the joint board: (1) expenditures of the joint board shall be determined by a budget approved "by the governing bodies of its constituent public agencies", meaning the governing bodies of the county and city; (2) no acquisition can be made without approval of the governing bodies; (3) eminent domain proceedings can only be instituted by authority of the governing bodies and must be done in their names; (4) the joint board may not dispose of real property without consent of the governing bodies; and (5) all police regulations must be approved by the governing bodies.

With these enumerated controls and limitations by the county and city over the airport commission, there can be no question that the commission is an agent of the city and county. In Kelleher v. State of Montana and State Aeronautics Comm'n, _____Mont._____, 503 P.2d 29, 29 St.Rep. 897, this Court rejected the argument that

- 4 -

an employee of a joint city-county airport was an employee of the state of Montana. In other words, the city-county airport commission was not an agent of the state of Montana. This does not mean, however, that the city-county airport commission is not an agent of the city and county. On the contrary, virtually all actions taken by the commission are controlled and limited by the city of Sidney and Richland County; all results achieved by the airport commission are for the benefit of the constituent governing bodies.

In the companion case to the instant one, Burlington Northern, Inc. v. Flathead County, ____Mont.____, ____P.2d____, ____ St. Rep. ____, we determined that the expenditure considered there was, in fact, an "indebtedness or liability" within the meaning of both the constitutional and statutory provisions. The same reasoning applies here---the loans and their repayment are debts. In the companion case we cited State ex rel. Diederichs v. Board of Trustees, 91 Mont. 300, 304, 7 P.2d 543, in construing the definition of "indebtedness or liability". That same definition applies here.

Defendants here also cite Diederichs in support of their contention that Richland County is not obligated to repay the Montana Aeronautics Commission an amount in excess of $10,000. They contend this is so because the loan approving resolutions limit the county's proportionate share of repayment to $10,000. However, the resolutions approving both loans also contained this language:

> "That the County of Richland, Montana, will approve and provide a provision in the budget of the Sidney-Richland Airport Commission of the City of Sidney, Montana, and the County of Richland, Montana, which will make available funds for the repayment of said loan in the manner and form as * * * set forth." (Emphasis added).

There can be no doubt, after reading the quoted language, that the county intended the loan to be a debt on the county treasury over a period of years and the county's budget was an integral part of the repayment schedule.

In Diederichs, this Court quoting from State ex rel. Diederichs v. State Highway Com., 89 Mont. 205, 211, 296 P. 1033, said:

> "'Knowing the tendency of governments to run in debt, to incur liabilities, and thereby to affect the faith and credit of the state in matters of finance, thus imposing additional burdens upon the taxpaying public, the framers of the Constitution placed positive limitations upon the power of the Legislative Assembly to incur a debt or impose a liability upon the state beyond the limit prescribed, without referring the proposition to the electorate for its approval. As to this, the comprehensive language of the section leaves no doubt."

We find that language equally applicable here.

In the instant case, there is a debt upon the county of Richland in excess of the constitutional limitation prescribed in Article XIII, Sec. 5, Montana Constitution.

The cause is reversed and remanded to the district court for entry of judgment for plaintiff.

_____
Associate Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Associate Justices.

- 6 -

Mr. Justice Frank I. Haswell specially concurring:

I concur in the result, but not in all that is said in the foregoing opinion. I specifically disagree with statements therein suggesting that the companion case, Burlington Northern Inc. v. Flathead County, _____Mont._____, _____P.2d_____, _____ St.Rep._____, is controlled by the same constitutional debt limitation proscription as this case. In my view the two cases are clearly distinguishable for the reasons given in my dissent in Flathead County.

_____
Associate Justice

Mr. Justice Gene B. Daly specially concurring:

I concur with the foregoing statement of Mr. Justice Frank I. Haswell.

_____
Associate Justice.